JAC/gm/#383762                      1693-11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTEGRATED CARDS, L.L.C., an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MCKILLIP INDUSTRIES, INC. D/B/A USA/DOCUFINISH, an Illinois corporation, <br><br> Defendant. <br><hr> MCKILLIP INDUSTRIES, INC. D/B/A USA/DOCUFINISH, an Illinois corporation, <br><br> Counter-Plaintiff, <br><br> v. <br><br> INTEGRATED CARDS, L.L.C., an Illinois limited liability company, <br><br> Counter-Defendant. | Civil Act No. 06 C 2071 <br><br> Judge Kendall <br><br> Magistrate Judge Brown |

### ANSWER AND AMENDED COUNTERCLAIM OF MCKILLIP INDUSTRIES, INC. D/B/A USA/DOCUFINISH

Defendant/Counter-Plaintiff McKillip Industries, Inc. d/b/a USA/Docufinish (hereinafter "Docufinish"), for its Answer and Affirmative Defenses to the Complaint of Integrated Cards, L.L.C. (hereinafter "Integrated") and for its Amended Counterclaim, states as follows:

### PARTIES

1. Plaintiff Integrated Cards is a limited liability corporation organized under the laws of the State of Illinois with is principle place of business at 3138 Andover Drive, Rockford, Illinois 61114.

**ANSWER:** Docufinish has insufficient knowledge to form a belief as to the truth of the allegations of paragraph 1.

2. Defendant McKillip Industries is a corporation organized under the laws of the State of Illinois with a place of business at 24121 West Riverwalk Court, Plainfield, Illinois 60544.

**ANSWER:** Docufinish admits the allegations of paragraph 2.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 271 *et seq.*

**ANSWER:** Docufinish admits that the Complaint asserts a cause of action under the patent statute cited.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** Docufinish admits the allegations of paragraph 4.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Docufinish admits the allegations of paragraph 5.

6. Upon information and belief, McKillip Industries has, and continues to, regularly and continuously transacted business within this Judicial District and has committed acts of infringement within this Judicial District.

**ANSWER:** Docufinish admits only that it transacts business within this District and denies all remaining allegations of paragraph 6.

## CLAIM FOR PATENT INFRINGEMENT AGAINST MCKILLIP INDUSTRIES

7. On October 31, 1995, U.S. Patent No. 5,462,488 ("the '488 patent"), entitled "Integrated card and business form assembly and method for fabricating same on label formation equipment," was duly and legally issued on an application filed by John J. McKillip. A copy of the '488 patent is attached hereto.

**ANSWER:** Docufinish admits that on October 31, 1995, U.S. Patent No. 5,462,488

2

was issued and states that the patent attached to the Complaint speaks for itself.

8. Integrated Cards is the lawful owner of all right, title and interest in the '488 patent.

**ANSWER:** Docufinish has insufficient knowledge to form a belief as to the truth of the allegations of paragraph 8.

9. McKillip Industries has been, and is, infringing the '488 patent by making, using, offering to sell, and/or selling business forms made using apparatus and methods incorporating the inventions patented in the '488 patent within the United States and, upon information and belief, within this Judicial District; by inducing others to infringe the '488 patent; and/or by contributing to the infringement by others of the '488 patent, Unless enjoined by the Court, McKillip Industries will continue to infringe, induce the infringement of, and/or contributorily infringe the '488 patent.

**ANSWER:** Docufinish denies the allegations of paragraph 9.

10. Upon information and belief, McKillip Industries has actual notice of the '488 patent, and has been, and is, willfully infringing the '488 patent by making, using, offering to sell, and/or selling integrated business forms incorporating the inventions patented in the '488 patent within the United States, upon information and belief, within this Judicial District; by willfully inducing others to infringe the '488 patent; and/or by willfully contributing to the infringement by others of the '488 patent. Unless enjoined by the Court, McKillip Industries will continue to willfully infringe, willfully induce the infringement of, and/or willfully contributorily infringe the '488 patent.

**ANSWER:** Docufinish denies the allegations of paragraph 10.

11. McKillip Industries' conduct gives rise to increased damages pursuant to 35 U.S.C. § 284.

**ANSWER:** Docufinish denies the allegations of paragraph 11.

12. This is an exceptional case giving rise to an award of attorneys' fees to Integrated Cards pursuant to 35 U.S.C. § 285.

**ANSWER:** Docufinish denies the allegations of paragraph 12.

## AFFIRMATIVE DEFENSES

1. Integrated's claims for relief are barred, in whole or in part, by the doctrine of laches.

2. Integrated's claims for relief are barred, in whole or in part, by the doctrine of equitable estoppel.

3. Integrated's claims for relief are barred, in whole or in part, by the statute of limitations applicable to the patent statute.

4. Integrated's claims for relief are barred, in whole or in part, due to invalidity of the '488 patent pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

5. Integrated has waived any right to obtain the requested relief as a result of its own acts, conduct and/or omissions.

6. Integrated's claims for relief are barred by its failure and refusal to mitigate its alleged damages at all relevant times herein.

7. Docufinish incorporates by reference as affirmative defenses the allegations set forth below supporting its counterclaim.

WHEREFORE, McKillip Industries, Inc. d/b/a USA/Docufinish respectfully request that judgment be entered in its favor and against plaintiff/counter-defendant and that it be awarded its attorneys' fees and costs in defending this matter and for such further relief as this Court deems just and proper.

## AMENDED COUNTERCLAIM

1. This Counterclaim arises under the patent laws of the United States codified in 35 U.S.C. §§ 271 et seq.

4

2. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§1331,1338,1367, 2201 and 2202.

3. Venue is proper in this District in accordance with 28 U.S.C. §1391(c) and 1400(b).

## BACKGROUND OF PARTIES

4. Counter-Plaintiff McKillip Industries, Inc. d/b/a USA/Docufinish ("Docufinish") is an Illinois corporation with its principal place of business in Plainfield, Illinois. Docufinish is in the business of providing value added product for segments of the printing industry, including labels and integrated cards.

5. McKillip Industries was originally incorporated doing business as United Stencil & Affixing Co., Inc. ("Stencil") and in approximately 1999 changed its name to USA/Docufinish to better describe its business.

6. The business of McKillip Industries, whether operating as Stencil or Docufinish, has remained the same that is, providing value added product for segments of the printing industry.

7. Approximately six years after its formation, Stencil opened offices in Missouri, Ohio, North Carolina and California, in addition to Illinois.

8. More recently, Docufinish consolidated its operations and currently operates Illinois and California offices.

9. Steve McKillip was and has remained the principal of Docufinish, whether doing business as United Stencil & Affixing Co., Inc. or USA/Docufinish.

10. John McKillip is listed as the inventor in U.S. Patent No. 5,462,488 (the '488 Patent) issued on October 31, 1995 and entitled "Integrated card and business form assembly and method for fabricating same on label formation equipment."

11. Counter-Defendant Integrated Cards, L.L.C. ("Integrated") is an Illinois limited liability corporation with its principal place of business in Rockford, Illinois.

12. John McKillip's interest in the '488 Patent was assigned via Malessa Partners, L.L.C. to Integrated. Integrated was established on or about September 20, 2005 for the purpose of filing the instant lawsuit.

13. On May 9, 1994, John McKillip assigned one-half of his interest in the application for the '488 patent to Stanley Stack, Jr., retaining one-half interest for himself.

14. On September 29, 2005, John McKillip assigned his remaining interest in the '488 patent to Malessa Partners, L.L.C.

15. On September 29, 2005, John McKillip, as "Manager" of Malessa Partners, L.L.C., assigned Malessa Partners, L.L.C.'s interest in the '488 patent to Integrated.

16. On October 6, 2005, Stanley Stack, Jr. assigned his interest in the '488 patent to Stack L.L.C.

17. On October 6, 2005, Stanley Stack, Jr., as "Manager" of Stack, L.L.C., assigned Stack, L.L.C.'s interest in the '488 patent to Integrated.

18. John McKillip, the named inventor of the patent at issue, is the principal of Integrated.

19. Steve McKillip and John McKillip are brothers.

## JOHN MCKILLIP'S KNOWLEDGE OF
## DOCUFINISH AND ITS INTEGRATED CARDS

20. A few months before filing the instant lawsuit, counsel for Integrated sent a cease and desist letter to Docufinish alleging that an integrated card sold by Docufinish infringes the '488 Patent.

21. An integrated card consists of a base document (carrier) and a backing laminate (back patch) and in some instances a face laminate. The product is then die cut into a card shape through the face laminate and carrier but not through the back patch so that the card can then be peeled from the carrier.

22. The integrated card sold by Docufinish, which Integrated alleges infringes the '488 Patent, has been sold by Stencil/Docufinish since at least 1996.

23. Integrated Label Corp. ("Label") is an Illinois corporation with its principle place of business in Rockford, Illinois. Label was incorporated in July, 1998 and is in the business of selling custom forms, labels and integrated cards to segments of the printing industry.

24. Despite the fact that John McKillip's wife, Maria McKillip, is listed with the Illinois Secretary of State as the President/CEO of Label, John McKillip actively ran and continues to run the operations of Label.

25. For over two decades, John McKillip, individually and later, as a representative of Label, has been intimately involved in the segment of the printing industry that produces and sells integrated cards and labels.

26. As a result, John McKillip knew or should have known that Stencil/Docufinish has been selling the integrated cards at issue since at least 1996, based on promotional material within the trade regarding Docufinish's products, its

7

appearance at trade shows and personal interaction between companies and their representatives in the industry.

27. In October, 1998, John McKillip actually visited Docufinish's booth at the InformServices Exposition in Baltimore, Maryland, a trade show sponsored by the Document Management Industries Association ("DMIA"). John McKillip spoke to representatives at Docufinish while visiting its booth and viewed its samples and displays, which included the integrated cards which Integrated now alleges infringe the '488 Patent.

28. Since at least 1999, John McKillip also held himself out to others in the printing industry, including at trade shows and in various publications, as the President of Label.

29. Docufinish has expended significant time and funds over the years in advertising and marketing its integrated cards, which Integrated for the first time now contends infringes its patent, which Docufinish denies.

30. Integrated did not inform Docufinish of its claim that Docufinish's integrated cards infringe the '488 Patent until October, 2005.

31. Docufinish relied to its detriment on Integrated's failure to raise its patent infringement claim for nearly ten years and has been severely prejudiced by Integrated's efforts at this late date to pursue a claim for patent infringement.

32. Integrated's accusations of infringement and the pending lawsuit in which Integrated asserts the '488 patent against Docufinish have created an actual case or controversy concerning the infringement, validity and enforceability of the '488 patent.

33. An actual and justifiable controversy exists between Integrated and Docufinish with respect to the alleged infringement, validity and enforceability of the '488 Patent, and Docufinish's present and future right to make, use, offer to sell and sell integrated cards which Integrated claims may infringe the '488 patent.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '488 Patent)

34. Docufinish repeats and realleges the allegations in paragraphs 1-33 of the Counterclaim as if fully set forth herein.

35. Docufinish has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the '488 Patent.

36. Integrated is precluded from asserting a claim scope that would cover any Docufinish product in view of the claims, specification, prior art and prosecution history of the '488 patent.

For these reasons, and pursuant to 28 U.S.C. §§2201 and 2202, Docufinish requests the entry of a declaratory judgment finding that Docufinish is not infringing, either directly, contributorily, or by active inducement, any claim of the '488 patent.

## COUNT II
### (Declaratory Judgment Of Invalidity Of The '488 Patent)

37. Docufinish repeats and realleges the allegations of Paragraphs 1-36.

38. The '488 patent is invalid for failure to meet at least one of the statutory requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

For these reasons, and Pursuant to 28 U.S.C. §§ 2201 and 2202, Docufinish requests the entry of a declaratory judgment that the '488 patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, McKillip Industries, Inc. d/b/a USA/Docufinish, respectfully prays for judgment as follows:

A. Entry of judgment in favor of Docufinish, and against Integrated, on all counts of Integrated's Complaint.

B. Entry of an order barring Integrated's patent infringement claim regarding the '488 Patent against Docufinish.

C. A declaration that the '488 Patent is invalid.

D. A declaration that Docufinish has not infringed and is not infringing, either directly, contributorily, or by active inducement, any of the claims of the '488 Patent.

E. Entry of a permanent injunction permitting Integrated Cards, L.L.C. from making any statements to trade publications or current or potential customers of Docufinish regarding any claims which are the subject of this lawsuit until this lawsuit is resolved.

F. Declaring that this case is exceptional and that Docufinish be awarded its attorneys' fees and costs as provided by 35 U.S.C. §285; and

G. For such further relief as this Court deems proper.

MCKILLIP INDUSTRIES, INC. d/b/a
USA/DOCUFINISH
By:  /s/Jacqueline A. Criswell
One of Its Attorneys

Jacqueline A. Criswell
Pete V. Albanis
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, Sears Tower - 22nd Floor
Chicago, IL 60606
312/627-4000
312/627-1717 (fax)

Michael P. Chu
Brinks Hofer Gilson & Lione
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
312/321-4200
312/321-4299 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certified that, on this 21st day of June, 2006, the foregoing Answer and Amended Counterclaim of McKillip Industries, Inc. d/b/a USA/Docufinish, was served by electronic filing on:

Steven C. Schroer
Mark W. Hetzler
Jon A. Birmingham
Fitch, Even, Tabin & Flannery
120 South LaSalle Street
Suite 1600
Chicago, IL 60603

                                             /s/ Gina Milici